**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-2502

———————

UNITED STATES OF AMERICA

v.

SHAWN TRIBBETT,

Appellant

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-15-cr-00171-001)
District Judge: Honorable Renee M. Bumb

———————

Submitted Under Third Circuit LAR 34.1(a)
on April 13, 2022

Before: AMBRO, JORDAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion Filed: April 15, 2022)

———————

OPINION*

———————

_____

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding
precedent.

AMBRO, Circuit Judge

Shawn Tribbett is serving a two-year prison sentence for a drug violation while he was on supervised release for another series of crimes. He accepts that. But following this term of imprisonment, the District Court has sentenced him to two years of supervised release. There he draws the line.

Further supervised release, Tribbett says, is "purely punitive" and substantively unreasonable. Appellant Br. at 9. He failed to make it through supervised release the first time, turning to cocaine, marijuana, fentanyl, and opiates again about a year after he left prison. And he predicts his next term of supervised release will end the same way. At sentencing for his violation, Tribbett submitted an expert report explaining that, though he was not intellectually disabled, he was functioning in the "[b]orderline [r]ange." Appx. at 79. He also suffered, per the report, from Antisocial Personality Disorder and moderate-to-severe Drug Use Disorder, which tend to inhibit his impulse control and make it harder to comply with terms of supervision. So he fears a second term of supervised release will "trap[] him in an endless cycle of release, inevitable violation, and additional punishment." Appellant Br. at 20.

At sentencing, Judge Bumb acknowledged she understood Tribbett's argument. She considered the nature of his offense, and his history and characteristics. She read the expert report, heard the parties' sentencing recommendation, and "learned a lot about . . . Mr. Tribbett." Appx. at 117. Still, she believed 24 months' imprisonment and 24 months of supervised release was a reasonable and appropriate sentence. It reflected the "seriousness of the offense" and "justly punish[ed]" Tribbett for violating his supervised release

2

conditions by taking illegal drugs. *Id.* at 116. Judge Bumb hoped it would deter him from future violations and protect the public from further crimes. As for the supervised release term specifically, she rejected Tribbett's request to forgo that part of the sentence because she "just [doesn't] give up that easily." *Id.* at 117. Supervised release would offer Tribbett access to educational resources and treatment, which would give him another chance "to turn [his] life around." *Id.*

We see no error in this determination either procedurally or substantively. Procedurally, Tribbett concedes the Court correctly calculated the Guidelines' range for his violation and sentenced him within that range. And though he contends the Court "said nothing about the expert's conclusions" regarding his mental state and "completely ignored [his] history and characteristics" and the "nature and circumstances of the offense," *see* Appellant Br. at 18–19, those assertions are belied by the record. Judge Bumb specifically mentioned she read the expert's report and weighed these factors. *See United States v. Lofink*, 564 F.3d 232, 238 n.13 (3d Cir. 2009) (noting district courts "need not explicitly comment on every factor if the record makes clear the court took the [§ 3553] factors into account in sentencing" (internal quotation marks omitted)); *see also* Appx. 116–18.

And substantively, the Court imposed a reasonable sentence. We review for abuse of discretion the substantive reasonableness of a sentence for violating terms of supervised released. *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011). And we will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Though Tribbett had valid reasons for asking

3

the Court not to sentence him to supervised release, the Court had equally valid reasons for doing so. We certainly cannot go so far as to say that, given the totality of the circumstances, "no reasonable sentencing court" would have sentenced Tribbett to 24 months of supervised release. *Id.* So we cannot disturb his sentence.

\* \* \* \* \*

For these reasons, we affirm the judgment of the District Court.